Eastern District of Kentucky
F I L E D

MAY 2 4 2005

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT COVINGTON**

CIVIL ACTION NO. 04-219
CRIMINAL ACTION NO. 97-71

UNITED STATES OF AMERICA                    PLAINTIFF

VS.                    <u>MEMORANDUM OPINION AND ORDER</u>

JOHN VANAMAN                              DEFENDANT

        This matter is before the court on the objections of the defendant to the Magistrate's Report and Recommendation on his motion to vacate his conviction under 28 U.S.C. § 2255 and request for an evidentiary hearing (Doc. 540).

        The court adopts the decision of the Magistrate Judge as the findings of fact and conclusions of law of the court as to all of defendant's arguments except that the court will specifically address defendant's arguments that this court wrongfully enhanced his sentence and that he is entitled to the newly discovered evidence provision contained in § 2255(4) because he was not present during a portion of the trial. The court will also address the factual misunderstanding the defendant has with respect to the "Chavez drugs."

        First, the defendant argues that <u>Blakely/Booker</u> must be applied retroactively. In <u>Blakely,</u> the Supreme Court held that a Washington state court sentencing schedule which permitted the sentencing judge to enhance a defendant's sentence beyond the

1

542

statutory maximum was unconstitutional.  The Court found that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  124 S.Ct. at 2536.  Despite the recent extension of the <u>Blakely</u> principle to the Federal Sentencing Guidelines, the Supreme Court strongly implied in <u>Booker</u> that the new rule cannot be applied retroactively to cases on collateral review.  <u>United States v. Booker</u>, __ U.S. __, 125 S. Ct. 738, 749 (2005).

The Sixth Circuit has now held that <u>Booker</u> does not apply retroactively to cases on collateral review.  <u>See Humphress v. United States</u>, 398 F.3d 855, 859 (6th Cir. Feb. 25, 2005); <u>Thelen v. United States</u>, 2005 WL 697093, No. 02-2244 (6th Cir. March 28, 2005).  As this court is bound by the Sixth Circuit's published <u>Humphress</u> decision, the court must hold that <u>*Blakely*</u> and its progeny cannot be applied retroactively on collateral review.

In the present case, Vanaman's conviction and sentence became final on July 11, 2001, 90 days after the court of appeals affirmed his conviction.  <u>United States v. Cottage</u>, 307 F.3d 494, 498-99 (6th Cir. 2002).  Thus, his conviction became final prior to the Supreme Court's 2005 decision in <u>Booker</u>.  Accordingly, the Court's holding in <u>Booker</u> does not apply retroactively to provide the defendant with any grounds for relief from his conviction and sentence.

2

Second, the defendant also briefly argues that he is
entitled to the newly discovered evidence provision contained in
§ 2255(4) to extend the one year statute of limitations for
filing a § 2255 petition because he was absent from part of the
trial while he was hospitalized for pulmonary problems and just
recently learned of certain facts. Although Vanaman was taken to
the hospital during the trial, he signed a written statement
consenting to the trial proceeding in his absence for the purpose
of obtaining testimony from hotel personnel and the Spanish
translator. (Doc. # 256; see also Doc. #311, Transcript of
December 7, 1998, p. 21-26). The Sixth Circuit has held that a
defendant can waive his right to be present at trial because of
illness. See United States v. Gallo, 763 F.2d 1504, 1529 (6th
cir. 1985), cert. denied, 474 U.S. 1068 (1986). Accordingly, the
waiver was valid.

Furthermore, the trial proceeded in accordance with
Vanaman's waiver. Specifically, the trial proceeded with the
testimony of various hotel personnel who authenticated room
registration information and telephone records and a Spanish
translator who testified as to her translation of certain
documents. The court also proceeded with the testimony of a bank
card representative who testified as to matters pertaining only
to defendant Ochoa and a representative of Comdata Network whom
the government stipulated did not issue checks to defendant

3

Vanaman. None of the witnesses that testified in Vanaman's absence gave any pertinent testimony as to Vanaman. The court, therefore, does not find defendant's argument compelling.

The court will also specifically address the defendant's "Chavez drug" argument as it believes it understands the source of defendant's confusion. The defendant argues that he recently learned that the government used drugs associated with another case to convict him. He argues that this recent revelation gives rise to the newly found evidence exception to the one year statute of limitations for filing § 2255 petitions.

During the trial, DEA forensic chemist McCloskey testified that the DEA file in this case was originally opened under the name "Chavez" because the DEA initially believed a person named "Chavez" was involved with the defendants in the case at bar. In the DEA file, the DEA had drugs, which it called Exhibit 1, that it confiscated at the airport from a suspect named Chavez. The same DEA file also contained drugs, identified as DEA exhibits 2 and 3, that were confiscated at the Ramada Inn that were relevant to the defendants in this case. The DEA continued to use the file originally opened with Chavez's name for the case at bar, even though it had separated the two cases. The testimony established that the drugs introduced at trial were not those seized at the airport, but those seized at the Ramada Inn. (Doc. 411, Transcript Day 7, p. 84-93).

4

Defendant's confusion appears to stem from the fact that the DEA file refers to the "Chavez drugs" as exhibit 1 and the government's evidence also included an exhibit one.  The DEA's exhibit 1, however, is not the same evidence that was admitted as exhibit 1 in this case.  (Id.).  To the contrary, the government's exhibit 1 consisted of methamphetamine that was procured for Mr. Vanaman by an informant.  (Doc. 410, Trial Transcript Day 6, p. 91).  The trial transcript confirms that the DEA's exhibit 1, the "Chavez drugs," were not introduced as evidence in Vanaman's trial.  (Doc. 411, Transcript Day 7, p. 84-93).  Accordingly, this argument lacks merit.

Lastly, the court finds that an evidentiary hearing is not required in this matter as the pleadings and record of the case conclusively show that the petitioner is not entitled to relief.  See Ross v. United States, 339 F.3d 483, 490 (6th Cir. 2003) (quoting Green v. United States, 65 F.3d 546, 548 (6th Cir. 1995), cert. denied, 516 U.S. 1098 (1996)).

For the reasons stated above and those previously set forth in the Magistrate Judge's Report and Recommendation, dated March 3, 2005 (Doc. #539),

IT IS ORDERED AND ADJUDGED that Vanaman's objections to the Report and Recommendation of the United States Magistrate Judge and his request for an evidentiary hearing (Doc. 540) be, and they are, hereby **overruled**; that the Report and Recommendation

5

(Doc. 539) be, and it is hereby **adopted** as the findings of fact and conclusions of law of the court; that the motion of the defendant to vacate his conviction under 28 U.S.C. § 2255 (Doc. 532) be, and it is hereby **denied**, and that this matter is hereby dismissed, with prejudice, and stricken from the docket of this court.

This ___ day of May, 2005.

**WILLIAM O. BERTELSMAN, JUDGE**

6